66 7515

# In The Fifth Judicial Circuit Court
# In And For Marion County, Florida

Otto G. Schmidtke III
DC # U07362,
    Plaintiff,

Vs.                                              Civil Action No: 08-1492-CA-B

Sued in Their Supervisory Capacities
Ed Deen Sheriff,
Marion County Sheriffs Office,
Department of Insurance Division of Risk Management,

Sued in Their Professional and Personal Capacities
Robert Youmans, ID# 1699
Thomas Terrell ID# 357
Joshua A. Parker, ID# 4381
K-9 Dog Speedy,
    Defendant's.
_____/

## Civil Right / Tort Complaint

### I.
### PRELIMINARY STATEMENT

(1) Plaintiff, individually seeks to have this court declare the action and / or omissions of the Defendant's did in fact violate right's secured by the Fourteenth Amendmant of the United States Constitution and Article 1, Section 9 of the Florida Constitution, such action came in the form of "excessive or unreasonable force / seizure" by arresting officer Joshua A. Parker #4381 that directly deprived Plaintiff of right's secured under the Fourth Amendment of the United States Constitution, as well as substantive due process protection and that the Plaintiff was made to suffer abuses recognized at common law as actionable Tort.

1

## II.
## Jurisdiction and Value

(2) This is a Tort Claim Action of <u>Tort Claim Act,</u> well as a civil action authorized by 42 U.S.C section 1983 to redress the deprivation under color of State law of rights <u>secured</u> by <u>the Constitution of the United States.</u> The Court has jurisdiction under Article 5, section 5 of the Florida Constitution. Petitioner seeks declaratory relief pursuant to 28 U.S.C section 2201 and 2202. Section 2283 and 2284 and rule 65 of the Federal Rule of civil procedures authorize petitioner claims for injunction relief. Because Marion County is where the event-giving rise to this claim occurred. You are hereby notified that petitioner Otto G. Schmidtke III, intends to file a **Tort Claim Action** against **The Attorney of the Department of Financial Services Risk Management,** and the Marion County sheriff's office and the above state defendant's in a supervisory, professional, and personal capacity.

### Jurisdiction

(3) Jurisdiction is conferred an this court by: 28 U.S.C. 1331 AND 1334 (3)(4)- <u>Bennett V. White,</u> 865 F.2d 1395, 1406, Cert. Denied 495 U.S. 920, 109 S.ct. 3247, 106 L.ED. 2d 593 (1989), demonstrating State courts concurrent jurisdiction <u>Town of Lake Clarke Shores V. Page,</u> 569 So.2d 1256, 1257 (Fla. 1990) <u>and City of Riviera Beach V. Langevin,</u> 522 So.2d 857, 860 review dismissed <u>Darden V. Langevin,</u> 536 So.2d 243,: which provides for original jurisdiction of this court in all Suits authorized by 42 U.S.C. 1983 to redress the deprivation under color of State by any right, privilege or immunity secured by constitution of the United States.

(4) The Florida Constitution, Article 1, Section 21.

(5) This is an action also commenced invoking jurisdiction under Article 5, section 5(b), Fla. Constitution, and under procedural guidelines of Fla.R.Civ.P / Rule 1.110(b) (1997). Plaintiff is seeking monetary damages of more than 3,000,000.00, as prescribed under Florida Statute 26.012 (1993).

(6) Sovereign Immunity has been waived under chapter 768.28(1) and 768.28(9)(a) Fla. State. (1995). See Exhibit "A" attached

2

(7) Plaintiff is seeking relief from the injuries sustained by way of both compensatory and punitive damages:

   (a) 42 U.S.C. 1983, which provides redress for, the deprivation under color of State Law of Rights, Privileges or Immunities secured by the Constitution of the United States.

## III.
## Plaintiff

(8) Plaintiff, Otto G. Schmidtke III DC # U07362 Date of Birth January 26, 1964. Place of Birth, Summers Point New Jersey. Social Security Number is ▮▮▮▮▮▮▮ At the time of the alleged violations of Plaintiff's civil rights he was residing at, 2580 North East 49th Avenue Apartment 3, Ocala, Florida 34470. At the time of filing this action is incarcerated at: Lawtey Correctional Institution 7819 N.W. 228th Street Raiford, Florida 32026.

## IV.
## Defendants

(9) Defendant, Marion County of Ocala the Municipal Incorporation, Marion County Sheriffs Department P.O. Box 1987 Ocala, Florida 34478 which at all time was material here to, having ultimate responsibility over Officer Joshua A. Parker # 4381 and K-9 Speedy's actions taken while pursuing official policies. Thus, is sued in this action in it's official / supervisory capacity.

(10) Defendant, Marion County Sheriffs Department, an agency of the town of Ocala, P.O. Box 1987 Ocala Florida 34478 was at all time material here to having direct responsibility over officer Joshua A. Parker and K-9 Dog Speedy's actions taken while pursuing official Policies, Thus, is Sued in this action in it's official / supervisory capacity.

(11) Defendant, Officer Joshua A. Parker # 4381 and K-9 Dog Speedy who at the time of these violation was in the employment of the Marion County Sheriff's Department of Ocala Florida who at all time was material and principle here to as "agent" pursuing official policies of the Town of Ocala, thus, is sued in his official and individual capacity.

3

## V.
## Factual Allegations

(12) On the night of 2/2/06 at approximately 11:31 p.m. where I reside which was 2580 N.E. 49th Avenue apartment #3 Ocala, Florida 34770. This is the address where I lived with my girlfriend. I had come home and started having a verbal argument with my girlfriend. She then left and went across the street to her daughter's house where her family members started a fight with plaintiff. Miss Stenbacks daughter's boyfriend started beating me outside of the house in the yard, he suddenly stopped and I went to Miss Stenback's daughter's house and knocked on the door to be let in, which she did let me in. Then Miss Stenback called the Sheriff's office. I ran out of the house and was so mad that I picked up an empty beer bottle and threw it through the front window by the door. Mean while; I ran back to the neighbors house beside our apartment's (there was four apartments in one building). I tried to talk to the neighbors about what was going on, but, they where worried and told me that I would have to go somewhere else. I had nowhere to go so I went back into the apartment where I resided. I locked myself in the apartment in fear of being beat up again. By Miss Stenback's son in law, or getting into any more trouble, after a while I heard the someone screaming and yelling, I started to the front door and yelled out give a minute to put my close on, because at that time I only had a pair of blue jeans short's on "nothing else". Moment's later, the door had open up, which at that time officer's saw that I had chain on the door for security. As I went to take the security chain off. They broke the door in and, the next thing the officers done, was released the K-9 Dog was on me in seconds, I was trying to surrender but they did not respond, they just broke in and turn the dog on me while I was standing in the living room, by the doorway. As the dog bit into the Plaintiff's leg two police officers came inside and knocked me to the floor putting handcuffs on behind my back. During the hold process the dog continued the attack on Plaintiff. The police did nothing to stop the uncontrolled K-9 Dog although I was screaming and pleading to take the dog off of my leg, they never called him off of me even thou I was in custody and under there control. The two officer's found it to be amusing, saying 'oh that's going to hurt' while K-9 Speedy was still attacking. After what appeared to the Plaintiff as an

agonizing long time, officer's attempted to get the dog off of Plaintiff's leg. Officer's could not get K-9 Speedy to release, continuing to tear into the same area of flesh. The K-9 dog had to be physically removed, and although the Plaintiff was in terrible pain and bleeding profusely, I started to cursing at the officer, they then tazered me after I was in handcuffs because they where mad at me for cursing them. The injury sustained by Plaintiff to his leg was so extensive, it required the Doctor to reconstruct my leg by stuffing muscle, tissue, tendons and nerves back in my leg which was necessary to close the wounds with stitches. During the recovery period the pain was excruciating and painful. Plaintiff suffered acute mental distress from both the pain and the terror and viciousness of the K-9 Dog that remain fixed in Plaintiffs psyche.

After two years the plaintiff has very little feeling / sensation from the back right calf muscle portion down to ankle also the foot, and now walk favoring the right leg

The attending Doctor declared that he had never seen a K-9 Dog bite as bad as this one, (Flesh being **chewed** and ripped apart leaving permanent damage.

Therefore, the Plaintiff would be falsely charge with numerous charges fabricated by the officers to cover up what the K-9 Dog Speedy did to the Plaintiff. Clearly the purpose of the lie was to give defense for the officers action taken that violated Plaintiff's rights. As a result of the foregoing events, and occurrences claimant incurred the following injuries and damages for which this claim is now made. I have permanent nerve and tendon damage, also holes in the front and back of my right leg. Pieces of flesh ripped off my leg and permanently disconfigure for the rest of my life. Do to wrongful acts or omissions of Sheriff Deputies of Marion County.

## VI.
## First Cause of Action

The actions of Defendant, Officer Joseph Parker # 4381 and K-9 Speedy as stated was the direct cause of the severe injury that Plaintiff received by way of the attacking K-9 dog. The order for the dog to attack was given by Officer Joseph Parker without warning. Upon not giving ample time to respond this attack was allowed to be sustained in bad faith, with malicious intent exhibiting wanton and willful disregard of human right

constituting an illegal seizure of Plaintiff's person. Unnecessary and excessive use of force in violation of Fourth Amendment and the substantive due process clause of the Fourteenth Amendment of the United States Constitution.

## Second Cause of Action

The action of Defendant, Officer Joshua Parker # 4381 and K-9 Dog Speedy was the direct cause of the severe injury that Plaintiff received by way of K-9 Attack Dog Speedy. Where the assault and battery by the Officer (ordering K-9 Dog to 'Attack' and failure to withdraw Dog, before severe injuries to Plaintiff) was an intentional Tort to Plaintiff person where there was no reasonable purpose for the sustained force used upon an / Non-Resisting Citizen.

## Third Cause of Action

Defendant's of Marion County Sheriff's Department was negligent with regards to safety of Plaintiff, and such negligence was the proximate cause of Plaintiff's injuries, in the following respects:
  (a) Negligence in the training of Defendant Deputy Joshua Parker # 4381 and his K-9 Dog Speedy of the Marion County Sheriff's Department.
  (b) Negligence in the supervision of Defendant Officer Joshua A. Parker # 4381 and his K-9 partner Speedy.
  (c) Negligence: of Ed Deen head of (Sheriff's Department of Marion County) for the negligence of training of his Deputy's.
  (d) Negligence: on Robert Youman's # 1699 in the use of excessive force and Police Brutality with Tazer, after the fact.
  (e) Negligence: on Thomas Terrell # 357, for given unprofessional commands and orders to his Deputy Partners in excessive force, and Police Brutality actions with uncontrollable Force.

## VII.

Wherefore, Plaintiff request Judgement against Defendant's and each of them, as follow's:
  a. Compensatory damages in the statutory limits permitted and determined by proof of trail;
  b. Medical and related expenses in and amount to be determined by proof at trial:
  c. Impairment of earning capacity in an amount to be determined by proof at trial.
  d. Punitive Damages in the amount of ($3,000,000.00 dollars.
  e. Interest according to Law;
  f. Cost of this Action:
  g. Any other and Further relief that Courts deem proper in accordance with Fla. Stat., 92.525 (1995).

## Certificate of Oath

I, Otto G. Schmidtke III DC # U07362 do declare, under penalty of perjury, that the foregoing fact's are true and correct.   Date: 3/26/08

Respectfully Submitted

*Otto Schmidtke, III*
Otto G. Schmidtke III

## Certificate of Service

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been placed in the hands of an institutional official at Lawtey Correctional Institution this 26 day of March, 2008 for mailing by U.S. Mail to:

Department of Insurance
Division of Risk Management
The Capitol
Tallahassee, Fl 32301

Joshua A Parker ID# 4381
Marion County Sheriffs Department
P.O. Box 1987
Ocala, Florida 34478

K-9 Dog Speedy
Marion County Sheriffs Department
P.O. Box 1987
Ocala, Florida 34478

Thomas Terrell ID# 357
Marion County Sheriffs Department
P.O. Box 1987
Ocala, Florida 34478

Robert Youmans ID# 1699
Marion County Sheriffs Department
P.O. Box 1987
Ocala, Florida 34478

Honorable Ed Deen Sheriff
Marion County Sheriffs Department
P.O. Box 1987
Ocala, Florida 34478

Marion County Sheriff's Department
P.O. Box 1987
Ocala, Florida 34478
Attn: Risk manager

Respectfully Submitted,

*Otto Schmidtke III*
Otto G. Schmidtke III DC # U07362
Lawtey Correctional Institution
7819 NW 228th St.
Raiford, Florida 32026

7

## **Certification of Notary**

State of Florida     )

County of Bradford)

Sworn to or Affirmed and Subscribed before me this 26th day of March 2008, By Otto Schmidtke III (DC # U07362) who is personally known to me or who has produced Department of Corrections I.D. as identification and who did take an oath

_____
Notary Public / State of Florida
My Commission Expires:

NOTARY PUBLIC - STATE OF FLORIDA
Sheila S. Thornton
Commission # DD627471
Expires: JAN. 07, 2011
BONDED THRU ATLANTIC BONDING CO., INC.

Respectfully Submitted,

_____
Otto Schmidtke III DC # U07362
Lawtey Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026

8