UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Ocala     Division

AMENDED     COMPLAINT.

CIVIL RIGHTS COMPLAINT FORM

LEGAL MAIL
PROVIDED TO LAWTEY C.I.
DATE 3/24/11 FOR MAILING.
INMATE INITIALS O.S.

OTTO G. SCHMIDTKE III

CASE NUMBER: 5:10-CV-00293-WTH-DAB
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v. _____

ROBERT YOUMANS INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES
THOMAS TERRELL INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES
JOSHUA A. PARKER INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES
K-9 DOG SPEEDY INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. **PLACE OF PRESENT CONFINEMENT:** LAWTEY CORRECTIONAL
   (Indicate the name and location)
   INSTITUTION, LAWTEY, FLORIDA

II. **DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?** Yes ( ) No (X)

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

FILED
2011 MAR 28  AM 11:26
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

**EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:**

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A. Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )  N/A

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No ( )  N/A

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )  N/A

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. Informal Grievance (Request for Interview)

DC 225 (Rev. 9/03)                                    2

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( ) N/A

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( ) N/A

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( ) N/A

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( ) N/A

2. If so, you must attach a copy of the appeal and response to this Complaint form.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.**

Signed this 24TH day of MARCH, 2011.

_Otto G. Schmidtke III_
Signature of Plaintiff

III. <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?</u> Yes ( ) No (X)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )   N/A

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )   N/A

C. If your answer is YES:

  1. What steps did you take? _____N/A_____
     _____N/A_____

  2. What were the results? _____N/A_____
     _____N/A_____

  3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____N/A_____
   _____N/A_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this __24TH__ day of __MARCH__, 2011.

_____Otto G. Schmidtke III_____
Signature of Plaintiff

DC 225 (Rev. 9/03)                              4

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (X)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

   Plaintiff(s): __SAME__

   Defendant(s): __SAME__

2. Court (if federal court, name the district; if state court, name the county): __MARION COUNTY, FLORIDA__

3. Docket Number: __08-1492-CA-B__

4. Name of judge: __SANDRA EDWARDS STEPHENS__

5. Briefly describe the facts and basis of the lawsuit: __SAME SUIT__

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): __WAS MOVED TO FEDERAL COURT AT REQUEST OF DEFENDANTS' ATTORNEY(S)__

7. Approximate filing date: __JULY 02, 2008__

8. Approximate disposition date: __MOVED__

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

DC 225 (Rev. 9/03)                     5

N/A

V. **PARTIES**: In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: OTTO G. SCHMIDTKE, III

   Mailing address: LAWTEY CORRECTIONAL INSTITUTION 7819 N.W. 228TH STREET RAIFORD, FL 32026

B. Additional Plaintiffs: NONE

In part C of this section, indicate the <u>full name</u> of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: DEPUTY ROBERT YOUMANS

   Mailing Address: POST OFFICE BOX 1987 OCALA, FLORIDA 34478

   Position: DEPUTY SHERIFF

   Employed at: MARION COUNTY SHERIFF'S OFFICE

D. Defendant: DEPUTY THOMAS TERRELL

   Mailing Address: POST OFFICE BOX 1987 OCALA, FLORIDA 34478

   Position: DEPUTY SHERIFF

   Employed at: MARION COUNTY SHERIFF'S OFFICE

E. Defendant: JOSHUA A. PARKER
   Mailing Address: POST OFFICE BOX 1987
   OCALA, FLORIDA 34478
   Position: DEPUTY SHERIFF
   Employed at: MARION COUNTY SHERIFF'S OFFICE

F. Defendant: K-9 DOG SPEEDY
   Mailing Address: POST OFFICE BOX 1987
   OCALA, FLORIDA 34478
   Position: DEPUTY SHERIFF
   Employed at: MARION COUNTY SHERIFF'S OFFICE

G. Defendant: _____
   Mailing Address: _____
   Position: _____
   Employed at: _____

DC 225 (Rev. 9/03)

7

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

THE UNWARRENTED ATTACKS by THE DEFENDANTS CAUSED PERMANENT DISFIGUREMENT AND DISABILITY, THEREby VIOLATING PLAINTIFF OTTO G. SCHMIDTKE III'S RIGHTS. THESE VIOLATIONS ARE UNREASONABLE SEIZURE, CRUEL AND UNUSUAL PUNISHMENT, AND DUE PROCESS UNDER THE FOURTH, EIGTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION. (SEE ATTACHED 8A-D)

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

ON THE NIGHT OF FEBRUARY 02, 2006, AT APROXIMATELY 11:31 P.M., PLAINTIFF AND HIS GIRLFRIEND, MS. MARILYN STENBACK, HAD AN ARGUMENT AT THEIR RESIDENCE, WHICH WAS LOCATED AT 2580 N.E. 49TH AVENUE, APT. #3, OCALA, FLORIDA 34470. ON THIS PARTICULAR NIGHT, PLAINTIFF HAD REFUSED TO ACCEPT MS. STENBACK'S CHILDREN, BUT RATHER WALKED TO A NEARBY RESTAURANT, WHERE (SEE ATTACHED 9A-E)

## VI. Statement of Claims

**Ground I:** Plaintiff sues Defendant Deputy Joshua A. Parker, in his individual and official capacities, and under title 28 U.S.C. Section 1983, for damages resulting from <u>unnecessary and excessive use of force</u>, in violation of his fourth, eighth, and fourteenth amendment rights to the United States Constitution. To wit: A Fourth Amendment violation occurred when seizure was enacted by Parker in an <u>unreasonable</u> manner by releasing a K-9 Deputy, after what Deputy Youmans described as a "five to ten seconds" warning, to attack Plaintiff while Plaintiff was attempting to surrender. An Eighth Amendment violation occurred when Parker not only released an uncontrolled K-9 Deputy on a surrendering Plaintiff, but also when he allowed K-9 Speedy to maul Plaintiff for several minutes. A Fourteenth Amendment violation occurred when Plaintiff was deprived of life, liberty, or property without due process of law, and when he was denied equal protection of the law.

**Ground II:** Plaintiff sues Defendant Deputy Thomas Terrell, in his individual and official capacities, and under title 28 U.S.C. Section 1983, for damages resulting from <u>unnecessary and excessive use of force</u>, in violation of his fourth, eighth, and fourteenth amendment rights to the United States Constitution. To wit: A Fourth Amendment violation occurred when seizure was enacted by Terrell in an <u>unreasonable</u>, manner by the vicarious participation with Deputy Parker of the releasing of an uncontrolled K-9 Deputy, after what Deputy Youmans described as a "five to ten seconds" warning, to attack Plaintiff while Plaintiff was attempting to surrender. An Eighth Amendment violation occurred when Terrell not only vicariously participated with Deputy Parker in the release of an uncontrolled K-9

Deputy on a surrendering Plaintiff, but also when he vicariously participated in allowing K-9 Speedy to maul Plaintiff for several minutes. A Fourteenth Amendment violation occurred when Plaintiff was deprived of life, liberty, or property without due process of law, and when he was denied equal protection of the law.

**Ground III:** Plaintiff sues Defendant Deputy Robert Youmans, in his individual and official capacities, and under title 28 U.S.C. Section 1983, for damages resulting from <u>unnecessary and excessive use of force</u>, in violation of his fourth, eighth, and fourteenth amendment rights to the United States Constitution. To wit: A Fourth Amendment violation occurred when seizure was enacted by Youmans in an <u>unreasonable,</u> manner by the vicarious participation with Deputy Parker of the releasing of an uncontrolled K-9 Deputy, after what Deputy Youmans described as a "five to ten seconds" warning, to attack Plaintiff while Plaintiff was attempting to surrender. An Eighth Amendment violation occurred when Youmans not only vicariously participated with Deputy Parker in the release of an uncontrolled K-9 Deputy on a surrendering Plaintiff, but also when he vicariously participated in allowing K-9 Speedy to maul Plaintiff for several minutes. A Fourteenth Amendment violation occurred when Plaintiff was deprived of life, liberty, or property without due process of law, and when he was denied equal protection of the law.

**Ground IV:** Plaintiff sues Defendant Deputy K-9 Dog Speedy, in his individual and official capacities, and under title 28 U.S.C. Section 1983, for damages resulting from <u>unnecessary and excessive use of force</u>, in violation of his fourth, eighth, and fourteenth amendment rights to the United States

Constitution. To wit: A Fourth Amendment violation occurred when seizure was enacted by K-9 Speedy in an <u>unreasonable</u>, manner by the vicarious participation with Deputy Parker of the releasing of an uncontrolled K-9 Deputy, after what Deputy Youmans described as a "five to ten seconds" warning, to attack Plaintiff while Plaintiff was attempting to surrender. An Eighth Amendment violation occurred when K-9 Speedy mauled Plaintiff for several minutes, and after continuing to maul Plaintiff after being ordered to release until having to be forcibly removed. A Fourteenth Amendment violation occurred when Plaintiff was deprived of life, liberty, or property without due process of law, and when he was denied equal protection of the law.

**Ground V:** Plaintiff sues Defendant Deputy Thomas Terrell, in his individual and official capacities, and under title 28 U.S.C. Section 1983, for damages resulting from Defendant's <u>failure to intervene</u>, in violation of Plaintiff's Eighth, and Fourteenth Amendment rights to the United States Constitution. To wit: When Defendant Terrell, Senior Deputy on the scene, failed to intervene in the premature release of, and the mauling by, the K-9 Deputy, he deprived Plaintiff of his Eighth Amendment U.S. Constitutional right to be free from the infliction of cruel and unusual punishment, and he deprived Plaintiff of his U.S. Constitution Fourteenth Amendment right to be free from deprivations of life, liberty, or property without due process of law, and he denied Plaintiff equal protection of the law.

**Ground VI:** Plaintiff sues Defendant Deputy Robert Youmans, in his individual and official capacities, and under title 28 U.S.C. Section 1983, for damages resulting from Defendant's <u>failure to intervene</u>, in violation of

Plaintiff's eighth, and fourteenth amendment rights to the United States Constitution to wit: When Defendant Youmans failed to intervene on the use of unnecessary and excessive force as required by law, he deprived Plaintiff of his Eighth Amendment U.S. Constitutional right to be free from cruel and unusual punishment, and he deprived Plaintiff of his U.S. Constitution Fourteenth Amendment right to be free from deprivations of life, liberty, or property without due process of law, and he denied Plaintiff equal protection of the law.

**Ground VII:** Plaintiff sues Defendant Deputy Robert Youmans, in his individual and official capacities, and under title 28 U.S.C. Section 1983, for damages resulting from <u>unnecessary and excessive use of force</u>, in violation of his fourth, eighth, and fourteenth amendment rights to the United States Constitution. To wit: A Fourth Amendment violation occurred when seizure was enacted in an <u>unreasonable</u> manner when Deputy Youmans tased the surrendering Plaintiff both before he was handcuffed as Plaintiff was being mauled by the K-9 Deputy, and after he was handcuffed as Plaintiff was cursing the malicious deputies for allowing, and laughing about, the damage inflicted by the K-9 Deputy. The post-detention tasing also violated Plaintiff's Eighth Amendment U.S. Constitutional right to remain free from cruel and unusual punishment, and his Fourteenth Amendment U.S. Constitutional right to be free from Deprivations of life, liberty, or property without due process of law, and deprivations of equal protection of law

**Statement of Facts, continued:**

HE BECAME INTOXICATED. AFTER BEING SUMMONED FROM THE RESTAURANT BY STENBACK'S NIECE, PLAINTIFF RETURNED HOME. AN ARGUMENT ENSUED. DURING THIS ARGUMENT, MS. STENBACK LEFT THE RESIDENCE, AND PROCEEDED ACROSS THE STREET TO HER DAUGHTER'S HOUSE, ORDERING PLAINTIFF TO VACATE THEIR RESIDENCE. PLAINTIFF THEN PURSUED HER ACROSS THE STREET, WHICH AT THAT TIME, PLAINTIFF WAS MET IN THE FRONT YARD BY STENBACK'S DAUGHTER'S BOYFRIEND, WHO BEGAN BEATING PLAINTIFF. THE BOYFRIEND THEN RETURNED ACROSS THE STREET. AFTER THE SCUFFLE PLAINTIFF WENT TO HIS NEIGHBORS, AND ASKED IF HE COULD SEEK REFUGE IN THEIR HOME. WHEN DENIED REFUGE, PLAINTIFF WENT INSIDE HIS OWN APARTMENT, AND LOCKED THE DOOR IN FEAR OF BEING BEATEN FURTHER. PLAINTIFF WENT TO HIS BEDROOM AND WENT TO SLEEP.

AFTER AN UNKNOWN PERIOD OF TIME, PLAINTIFF WAS AWAKENED TO SCREAMING, THE SOUND OF A DOG GROWLING, AND TO

SOMEONE ATTEMPTING TO MAKE A FORCED ENTRY INTO HIS HOME. PLAINTIFF YELLED "GIVE ME A MINUTE TO PUT MY CLOTHES ON." THE DOOR WAS THEN UNLOCKED BY KEY. THEN IT OPENED A COUPLE OF INCHES, BUT WAS STOPPED BY THE SECURITY CHAIN. IMMEDIATELY THE DOOR BEGAN OPENING AND CLOSING VIOLENTLY, CAUSING THE CHAIN TO BREAK, ALTHOUGH PLAINTIFF ASSUMED IT WAS MS. STENBACK AND HER DAUGHTER'S BOYFRIEND COMING TO CAUSE HIM MORE HARM BECAUSE A KEY WAS USED, IT WAS MARION COUNTY SHERIFF'S DEPUTIES WHO HAD BEEN GIVEN A KEY BY MS. STENBACK. AND AT THAT TIME THE DOOR WAS VIOLENTLY OPEN AND THE K-9 DOG WAS IMMEDIATELY RELEASED INTO AN UNLIGHTED, PITCH BLACK APARTMENT THAT PLAINTIFF RESIDED AT. THE K-9 DOG IMMEDIATELY, SEVERELY ATTACKED THE PLAINTIFF. THE PLAINTIFF IMMEDIATELY STARTED YELLING AND SCREAMING FOR HELP. THE K-9 DOG ATTACK BECAME UNCONTROLABLE AND VERY VIOLENT.

9.B

THEN AFTER THE K-9 DOG WAS VIOLENTLY ATTACKING PLAINTIFF, THE SHERIFF DEPUTY'S ENTERED PLAINTIFFS APARTMENT AND STARTED YELLING, WHILE THE K-9 DOG CONTINUED HIS VIOLENT ATTACK. SHERIFF DEPUTY'S THEN SURROUNDED PLAINTIFF AND SHOT TASER INTO PLAINTIFFS CHEST AREA. THE DEPUTY'S THEN JUMPED ON PLAINTIFF WITH NO ATTEMPT TO PULL THE K-9 DOG OFF PLAINTIFF. WHILE THE K-9 DOG CONTINUED TO MAUL ON PLAINTIFF THE PLAINTIFF TRYED TO KEEP THE UNCONTROLED K-9 FROM HARMING HIS PERSON ANY FURTHER. THE SHERIFF DEPUTY BECAME ANGRY AND ACTIVED HIS TASER AGAIN. PLAINTIFF WAS HANDCUFF AND THEN THE K-9 DOG WAS PHYSICALLY REMOVED.

THE PLAINTIFF IN NO WAY RESISTED NOR HAD INDICATED ANY HOSTILE ACTION TOWARDS THE DEPUTIES. IN FACT, PLAINTIFF WAS ASLEEP. THE K-9 DOG

9.C

**Statement of Facts, continued:**

SEVERELY ATTACKED THE PLAINTIFF AND WHILE BEING UNRESTRAINED OR CONTROLLED BY THE DEPUTY SHERIFFS CAUSED PERMANENT SEVERE DISFIGUREMENT, PERMANENT SERIOUS INJURY, AND MENTAL ANGUISH TO PLAINTIFF. AS A RESULT OF THE SEVERE MAULING, PLAINTIFF'S RIGHT LEG WAS PERMANENTLY INJURED, SUFFERS FROM HAMMER TOE, SEVEN MAJOR ARTERIES WERE REPAIRED, A SIGNIFICANT PORTION OF PLAINTIFF'S RIGHT CALF MUSCLE WAS DESTROYED NECESSITATING THE PERMANENT USE OF AMBULATORY AIDE. PLAINTIFF HAS SUSTAINED SEVERE PHYSICAL PAIN AND MENTAL SUFFERING AS THE RESULT OF THE INJURIES AND HAS BEEN UNDER TREATMENT FOR THE INJURIES BY SEVERAL PHYSICIANS AT CONSIDERABLE EXPENSE FOR THE SERVICES AND MEDICINE, THE EXACT AMOUNT OF WHICH IS NOT YET DETERMINED.

PLAINTIFF HAD NOT INDICATED ANY ATTEMPT TO RESIST THE OFFICERS, AND WAS AWAKENED FROM HIS SLEEP. PLAINTIFF WAS NOT INJURED AS A

**Statement of Facts, continued:**

RESULT OF AN UNAVOIDABLE ACCIDENT. PLAINTIFF WAS NOT INJURED AS A RESULT OF PLAINTIFF'S RESISTING, ATTEMPTING TO RESIST OR UNEQUIVOCALLY INDICATING ANY INTENTION OF RESISTING A PROPER AND LAWFUL ARREST. PLAINTIFF WAS INJURED AS A RESULT OF DEFENDANT'S OWN WILLFUL AND MALICIOUS ACTIONS.

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS HONORABLE COURT ENTER JUDGEMENT GRANTING PLAINTIFF: (SEE ATTACHED 10.A)

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this 24TH day of MARCH, 2011.

*Otto G. Schmidtke III*
(Signatures of all Plaintiffs)

## VIII. RELIEF REQUESTED, CONTINUED:

A. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES.

B. COMPENSATORY DAMAGES IN THE AMOUNT OF $3 MILLION DOLLARS AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

C. PUNITIVE DAMAGES IN THE AMOUNT OF $3 MILLION DOLLARS AGAINST EACH DEFENDANT.

D. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

E. PLAINTIFF'S COSTS IN THIS SUIT.

F. ANY ADDITIONAL RELIEF THIS HONORABLE COURT DEEMS JUST, PROPER, AND EQUITABLE. IT IS SO PRAYED.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been placed in the hands of a Mailroom Official here at Lawtey Correctional Institution for mailing via U.S. Mail, pursuant to Rule 9.420 (a) (2) of Florida Rules of Appellate Procedure and **Thompson v. State**, 761 So. 2d 324 (Fla. 2000) to the below listed addresses, on this 24TH day of MARCH, 2011.

Copy to all Defendants c/o
John M. Green Jr. P.A.
125 N.E. 1st Ave., Ste. 2
Ocala, Florida 34470

Marion County c/o
Christopher C. Coleman P.A.
P.O. Box 5549
Ocala, Florida 34478

U.S. Courthouse
207 N.W. Second Street Rm. 337
Ocala, Florida 34475-6666

/s/ *Otto G. Schmidtke III*
Otto G. Schmidtke III, pro se
Lawtey Correctional Institution
7819 N.W. 228th Street
Raiford, Florida 32026