UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OTTO G. SCHMIDTKE, III,

          Plaintiff,

-vs-                                          Case No. 5:10-cv-293-Oc-10TBS

ED DEAN, in his official capacity as Sheriff
of Marion County, Florida, MARION
COUNTY SHERIFF'S OFFICE,
DEPARTMENT OF INSURANCE DIVISION
OF RISK MANAGEMENT, ROBERT
YOUMANS, in his official and individual
capacity, THOMAS TERRELL, in his official
and individual capacity, JOSHUA A.
PARKER, in his official and individual
capacity, K-9 DOG SPEEDY,

          Defendants.
_____

**O R D E R**

Plaintiff, proceeding *pro se*, initiated this case by filing a Civil Rights Complaint (Doc. 2) and an Amended Civil Rights Complaint (Doc. 36) alleging a violation of his Constitutional rights due to the use of excessive force during his arrest. The Defendants have filed a Motion for Summary Judgment. (Doc. 44). Plaintiff has filed his Response in Opposition to the Motion (Doc. 47) and a Memorandum in Support of the Response (Doc. 48). The case is ripe for review.

**Background**

Plaintiff's claims stem from the events surrounding his arrest in Ocala, Florida. On February 2, 2006, Defendants Youmans, Terrell and Parker, deputies employed with the Marion County Sheriff's Office, responded to a domestic dispute call involving Plaintiff and Plaintiff's girlfriend. According to the information received from the call, Plaintiff had battered his girlfriend and had thrown a beer bottle through the neighbor's window. Upon arrival, the girlfriend gave a key to the officers and permission to enter an apartment where Plaintiff was believed to be hiding.[1] The deputies initially directed the Plaintiff to come out of the apartment, and when he failed to do so, they entered the apartment. (Docs. 44, 47). The deputies state that they shined their flashlights into the dark apartment, and observed Plaintiff approaching with a butcher knife. (Docs. 31, 44). The deputies argue that Plaintiff refused to drop the butcher knife. Id. Plaintiff disputes that he had a butcher knife in his possession. (Doc. 47).

Defendants contend that when Plaintiff refused to drop the knife, Defendant Parker released K-9 Officer Speedy and ordered him to engage. (Doc. 44). The canine bit Plaintiff's lower right leg. Id. According to the deputies, Defendant Youmans then used a TASER on Plaintiff when it appeared to the deputies that he was attempting to stab the dog. Id. The TASER struck Plaintiff in the chest, at which point Plaintiff dropped the knife and Officer Youmans kicked it out of Plaintiff's reach. Id. The deputies claim that

---

[1]There does not appear to be a dispute as to whether the girlfriend was authorized to give the deputies permission to enter the apartment. See Doc. 47, pg. 5.

Defendants Youmans and Terrell tried to handcuff Plaintiff, but he was actively resisting and trying to kick the dog. Id. Plaintiff argues that he was not resisting arrest, but protecting himself from the canine who was still biting him despite the fact that the deputies were trying to handcuff him. (Docs. 36, 47).

Defendants state that Officer Youmans again "activated" his TASER, but did not deploy it. (Doc. 44). The deputies were then able to forcibly handcuff Plaintiff. Id. Plaintiff contends that the deputy tased him both before and after he was handcuffed. (Docs. 36, 47). After Plaintiff was handcuffed, the parties agree that Defendant Parker physically removed the canine from Plaintiff's leg. (Docs. 36, 44, 47). The parties also agree that Plaintiff had a serious injury to his calf, and Emergency Medical Services was called to treat him. Id.

Plaintiff was eventually charged with Burglary of a Dwelling with Battery, Aggravated Assault of a Law Enforcement Officer (3 counts), Witness Tampering, Battery on an Emergency Medical Services Provider, Criminal Mischief, Corruption by Threat (3 counts), and Violation of Domestic Violence Injunction. Plaintiff pled no contest to the Burglary charge, the three counts of Aggravated Assault, Battery on an EMS provider, Criminal Mischief, and one count of Corruption by Threat. The remaining counts were *nolle prossed*.

**Standard of Review**

Pursuant to the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[2]

In applying the standard for summary judgment, the Court must review all of the evidence "in the light most favorable to the nonmoving party."[3] The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist.[4] If the party who has the burden of proof at trial fails to establish even one essential element of the case, "there can be no genuine issue as to any material fact" because the failure to establish one essential element "renders all other facts immaterial." Id. The nonmoving party must go "beyond the pleadings, [and show] that there exist genuine issues of material fact."

**Discussion**

---

[2] See Anderson v. Liberty Lobby, 477 U.S. 242, 248 106 S.Ct. 2505, 2510 (1986).

[3] Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

[4] Anderson, 477 U.S. at 249.

As an initial matter, Plaintiff's claim in Ground IV of the Amended Complaint against Defendant K-9 Speedy in his individual and official capacities is due to be dismissed as frivolous. A dog is not a proper defendant in litigation under Section 1983.[5] Further, Defendants argue that Defendant Sheriff Dean should be dismissed from this case because Plaintiff did not include him as a Defendant in his Amended Complaint. (Doc. 44). Indeed a review of the Amended Complaint reveals that Sheriff Dean is not a named Defendant. (Docs. 36, 47). Accordingly, the only remaining parties are Defendants Parker, Youmans, and Terrell.

Plaintiff claims in Grounds I, II, III, VII that Defendants Parker, Terrell and Youmans are responsible for damages resulting from the unnecessary and excessive use of force in violation of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights. (Doc. 36). To the extent that Plaintiff brings his excessive force claims pursuant to the Eighth Amendment, the Court will consider the merits of the claims under the Fourth Amendment.[6]

---

[5] See Dye v. Wargo, 253 F.3d 296 (7th Cir. 2001).

[6] See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983) (finding that the Eighth Amendment's prohibition against cruel and unusual punishment applies only to individuals who have already been convicted of a crime; see also See Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002) (finding that the Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest.)

In Grounds V and VI, Plaintiff argues that Defendant Terrell and Youmans are responsible for Plaintiff's damages resulting from the Defendants' failure to intervene in the use of the alleged excessive force.[7] Id.

Plaintiff brings his claims against Defendants in their individual and official capacities. Id. The three deputies are entitled to summary judgment to the extent that Plaintiff argues they are liable in their official capacities. In order to be held liable under Section 1983 in an official capacity, the Plaintiff must show that the deprivation of a constitutional right resulted from: (1) an action taken or policy made by an official responsible for making final policy in that area of the county's business; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker.[8] "Only a final policymaker may be liable in an official capacity."[9] Defendants argue, and the Court agrees, that there is no allegation or evidence that Defendants Parker, Terrell or Youmans are policymakers for the Sheriff's office, or that there is an unconstitutional Sheriff's Office policy or custom. Accordingly, Plaintiff's claims against Defendants Parker, Youmans and Terrell in their official capacities are due to be dismissed.

---

[7]While Defendants contend that Plaintiff may be attempting to also state a claim for false arrest, the Court finds that Plaintiff has not included such a claim based on a review of the Amended Complaint, Response to the Motion for Summary Judgment and Memorandum in Support of the Response to the Motion for Summary Judgment.

[8]Lloyd v. Tassell, 2009 U.S. App. LEXIS 1531 (11th Cir. 2009) (citing Church v. City of Huntsville, 30 F.3d 1332, 1343 (11th Cir. 1994)).

[9]Id.

With respect to Plaintiff's claims against the deputies in their individual capacities, however, the Court finds that the Defendants are not entitled to summary judgment because there are genuine issues of material fact. Defendants disagree and contend that there is no issue of fact with respect to their assertion that Plaintiff approached them with a butcher knife. Defendants claim, in part, that the possession of the knife supports the reasonableness of the force used during the arrest.

Defendants rely on the fact that Plaintiff pled no contest to state charges which included information regarding Plaintiff's possession of the knife. (Doc. 44). Defendants claim that the plea bars Plaintiff from contesting the fact that he had a butcher knife. Id. Specifically, Defendants argue that Heck v. Humphrey, 512 U.S. 477 (1994) bars Plaintiff from challenging whether there was probable cause for his arrest. Id. In Heck, the Supreme Court held that a claim for damages under Section 1983 is not cognizable where success on the claim would render the underlying conviction or sentence invalid. Defendants argue that the state court found the Plaintiff guilty of a criminal offense regarding the butcher knife, and Plaintiff is presently incarcerated based on those convictions. Id.

To the contrary, Plaintiff claims that his no contest plea should not be used against him, and asserts that he did not have possession of the butcher knife. (Doc. 47). Typically, a no contest plea in a criminal case may not be used against the defendant in subsequent

7

civil litigation based on the same acts,[10] and while, there is some support for Defendants' contention that Heck is implicated even though the Plaintiff pled no contest to the state criminal process,[11] this case does not involve a claim that the Plaintiff was innocent of the state court charges; it involves a claim of excessive force which may be asserted even if the arrest was otherwise lawful.

Moreover, the Court finds that there are other genuine issues in dispute which preclude Defendants from summary relief. Plaintiff argues that the deputies used excessive force and failed to intervene in the use of the excessive force. Claims that an officer has used excessive force in the course of an arrest, investigatory stop or other seizure of a free citizen are analyzed under the Fourth Amendment and its objective reasonableness standard.[12]

The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the right to be free from the use of excessive force during the arrest.[13] A law enforcement officer receives qualified immunity for use of force during an arrest if an objectively reasonable officer in the same situation could have believed the use of force

---

[10] Fisher v. Wainwright, 584 F.2d 691 (5th Cir. 1978).

[11] See e.g., Thro v. Bagwell, 2011 U.S. Dist. LEXIS 100395 (N.D. Fla. 2011); Abdullah v. City of Jacksonville, 2006 U.S. Dist. LEXIS 70666 (M.D. Fla. 2006).

[12] Graham v. Connor, 490 U.S. 386, 395 (1989).

[13] Lee, 274 F.3d at 1197.

was not excessive.[14] Further, if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.[15]

Here, there is still a clear issue of fact as to whether the force used was excessive under the circumstances and whether the deputies failed to intervene. For example, the three deputies were present during Plaintiff's arrest. Defendants contend that Plaintiff was tased only one time before he was handcuffed. (Doc. 44). Defendants cite to a Supplemental Incident Report from the evidence technician documents, which shows that only one spent TASER cartridge was placed into evidence. (Docs. 44, 26-2).

On the other hand, Plaintiff argues that he was tased both before and after he was handcuffed. (Docs. 36, 47). Accordingly, there is an issue of fact with respect to the use of the TASER and summary judgment is not appropriate.[16]

Moreover, there is a material issue in dispute as to the reasonableness of the canine's involvement during the arrest. The Court cannot say as a matter of law that the damage caused by the release of the canine was not due to excessive force or that the failure to intervene in that force was reasonable.

---

[14] Brown v. City of Huntsville, Ala., 608 F.3d 724, 738 (11th Cir. 2010).

[15] Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998).

[16] See King v. Shoar, 2007 U.S. Dist. LEXIS 50876 (M.D. Fla. 2007) (finding that even though the use of a TASER is not *per se* excessive force, it may be unnecessary and unreasonable for an officer to use force if a suspect is already secured.).

9

Finally, Defendants argue that Plaintiff's claims against Defendants Youmans and Terrell are due to be dismissed as untimely. (Doc. 44). Plaintiff initiated this case by filing a Civil Rights Complaint. (Doc. 2). Plaintiff subsequently filed a "Motion for Amended and Supplemental Pleading to Relation Back to Amendments Under Federal Rule 15(c)(1)(B) Civil Procedure." (Doc. 33). The Court granted Plaintiff's Motion to the limited extent that Plaintiff was permitted to file an amended complaint, but denied Plaintiff's request for the amended complaint to relate back to the original without prejudice to the right of Plaintiff to renew the request after the Court had the benefit of reviewing the amended complaint. (Doc. 34).

Defendants assert in the Motion for Summary Judgment that Plaintiff only raised a claim for excessive force against Officer Parker in the original Complaint. (Doc. 44). Defendants argue that the statute of limitations for claims against Defendants Youmans and Terrell based on Plaintiff's arrest expired before the Amended Complaint was filed. Id.

However, the Court is not persuaded by Defendants' argument that the claims are due to be dismissed as untimely. Plaintiff named Defendants Parker, Youmans, and Terrell in the Complaint, wherein the claims stemmed from Plaintiff's arrest. (Doc. 2). While Plaintiff may not have discussed Defendants Youmans' and Terrell's specific role in the original Complaint, the Amended Complaint at the very least asserts claims that arose out of the incident surrounding the arrest and the Defendants' involvement. See Fed.R.Civ.P. 15(C)(1)(B). Accordingly, the claims are not untimely.

**Conclusion**

Defendants' Motion for Summary Judgment (Doc. 44) is **GRANTED IN PART** to the extent that Sheriff Dean is dismissed without prejudice from this case,[17] and Plaintiff's official capacity claims against Defendants Terrell, Parker and Youmans are dismissed with prejudice. Plaintiff's claims against Defendant K-9 Dog Speedy are dismissed with prejudice. The remainder of Defendants' Motion for Summary Judgment (Doc. 44) is **DENIED**. The Court will enter a scheduling order under separate notice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 9th day of January, 2012.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to: Otto G. Schmidtke, III
Counsel of Record

---

[17]The docket already reflects that Sheriff Dean was terminated on March 28, 2011 upon the filing of the Amended Complaint, which did not include him as a Defendant.