UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

OTTO G. SCHMIDTKE, III,

    Plaintiff,

v.     Case No. 5:10-cv-293-Oc-10GRJ

ED DEAN, in his official capacity as Sheriff of Marion County, Florida, MARION COUNTY SHERIFF'S OFFICE, DEPARTMENT OF INSURANCE DIVISION OF RISK MANAGEMENT, ROBERT YOUMANS, in his official and individual capacity, THOMAS TERRELL, in his official and individual capacity, JOSHUA A. PARKER, in his official and individual capacity, K-9 DOG SPEEDY,

    Defendants.
_____

## ORDER

Plaintiff's Amended Complaint alleges that the Defendants violated his Constitutional rights by using unnecessary and excessive force while arresting him on February 2, 2006.  (Doc. 36, § VII).  As a result of the Defendants' actions, Plaintiff alleges that he suffered permanent disfigurement and other serious injuries.  Id.  On January 9, 2012, the Court granted in part and denied in part the Defendants' Second Motion for Summary Judgment (Doc. 49).  One result of that Order is that Plaintiff's sole remaining claims are against Marion County, Florida deputy sheriffs Robert Youmans, Thomas Terrell and Joshua A. Parker in their individual capacities.

Plaintiff, who is pro se, is currently incarcerated in the Florida State Prison in Lawtey, Florida with a projected release date of July 29, 2014.  (Doc. 51 and 53).  In its Order dated March 9, 2012, the Court asked the parties whether this case should

be abated until Plaintiff is in the position to appear in Court for the purpose of prosecuting his remaining claims. (Doc. 50). In his response, Plaintiff stated that he intends to represent himself and he asked the Court to abate his trial until after July 29, 2014. (Doc. 51). The Defendants object to the requested abatement. (Doc. 53). They argue that July 29, 2014 is merely Plaintiff's "projected" release date; by then Plaintiff's claims will be more than 8 years old; witnesses memories will have faded; witnesses may move or become unavailable; evidence not within the Defendant's control may be lost; and the Defendants should not have these claims hanging over them for 2 ½ more years. Some of these points may also be valid concerns for Plaintiff.

While it is true that "lawful incarceration necessarily limits an inmate's right to plead and manage his own case personally," Plaintiff "has no absolute right to be present at the trial of his civil action." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Here, Plaintiff is incarcerated approximately 69 miles from the courthouse in Ocala, Florida. (Doc. 53). His presence in court can be obtained by a writ of habeas corpus ad testificandum. "The decision to issue a writ of habeas corpus ad testificandum to permit a prisoner to be present for his own trial is a matter committed to the sound discretion of the district court. Poole v. Lambert, 819 So.2d at 1025 citing Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977). Factors which the Court considers when deciding whether to issue the writ include "whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation

and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted." Ballard v. Spradley 557 F.2d at 480.

To avoid the prejudice which would result from delaying this case for almost 2 ½ more years and because the Court has the means to procure the Plaintiff's attendance at trial, Plaintiff's request that this case be abated is due to be DENIED. The Court will enter a separate case scheduling order.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on March 27, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

Plaintiff
All Counsel of Record